UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                        Plaintiff,<br><br>     v.<br><br>SIENA COLLEGE,<br><br>                        Defendant. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Civil Action No.<br><br>1:22-cv-1115 (BKS/TWD) |

      **WHEREAS**, Plaintiff John Doe and Defendant Siena College (individually, a "Party", and collectively, the "Parties") have agreed to the following terms of confidentiality, and the Court, having found good cause exists for the issuances of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby,

      **ORDERED**, that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with discovery in this action:

      1.    **Applicability**. This Protective Order shall apply to all information and documents produced by any Party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, or other formal or informal discovery requests, and all information provided by any Party in connection with any evidentiary hearing or other proceeding conducted prior to trial in this action.

      2.    **Identification of John Doe and Other Students**. Prior to the commencement of trial in this case, the person identified as "John Doe" in the complaint filed in this matter shall not be identified as such by the Parties in any pleading, motion, or affidavit filed with the Court. The true name of John Doe shall be redacted, or otherwise de-identified, from any document filed with the Court prior to the commencement of trial. In addition, students other than John Doe shall be

15033887

identified only by first and last initial in any document filed with the Court prior to the commencement of trial.

3.  **"CONFIDENTIAL" Designation**. Any Party to this case may designate as "CONFIDENTIAL" the following: documents (including electronically stored information), responses to requests for information or documents, deposition transcripts, hearing testimony, and any other documents, material, and information produced or disclosed by any Party in this matter. "CONFIDENTIAL" documents may include education records, medical records, employment records, proprietary information, and any other information that the producing Party believes, in good faith, to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

4.  A Party may designate material "CONFIDENTIAL" in the following manner:

    a. Documents. At the time of production, a party should designate or stamp the word "CONFIDENTIAL" on any particular document. Where a document is produced in electronic form, the drive, disc, or electronic media storage device shall be marked "CONFIDENTIAL." In addition, the information or documents contained in the electronic record should be designated as "CONFIDENTIAL," such that, to the extent any person prints or reproduces any information or documents produced in electronic format, any such printouts or reproductions shall automatically include the designation "CONFIDENTIAL."

    b. Interrogatories or Requests for Admissions. A Party may designate an Interrogatory response or answer to a Request for Admission as "CONFIDENTIAL," providing such Interrogatory response or answer on separate pages from any other Interrogatory response or answer, or portions thereof, that are not designated "CONFIDENTIAL."

    c. Testimony. Each paragraph of an affidavit containing "CONFIDENTIAL" information shall be designated as such and shall appear on a separate page from paragraphs that

do not contain "CONFIDENTIAL" information. Deposition testimony may be designated during the course of that testimony by designating the precise testimony claimed to be "CONFIDENTIAL." The reporter shall separately transcribe and bind deposition testimony so designated as "CONFIDENTIAL," and shall mark the face of the separate bound transcript containing "CONFIDENTIAL" testimony with the term "CONFIDENTIAL." Such deposition testimony may also be designated as "CONFIDENTIAL" by giving written notice to the opposing Party within thirty (30) days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which are "CONFIDENTIAL." This designation process is separate from the manner in which the pseudonym John Doe shall be used prior to trial. During deposition testimony, the real name of John Doe shall be used at all times. The Parties will be responsible for redacting John Doe's identity and the identities of other students from transcripts filed with the Court or used at a hearing.

5. **Access to "CONFIDENTIAL" Information**. "CONFIDENTIAL" materials should not be disclosed, in any manner, directly or indirectly, to any person other than the attorneys for the Parties and their personnel; named Parties and their parents, officers, and employees who have a legitimate reason related to this litigation to be provided this information; witnesses; expert witnesses retained or used by the attorneys of record; and Court personnel. Access to "CONFIDENTIAL" documents or information shall be limited to disclosure that is reasonably necessary for purposes of preparation, trial, appeal, or settlement. "CONFIDENTIAL" documents or information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) the attorneys for the Party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. **Claim of Confidentiality After Production**. If a Party believes that a document or information contained within another Party's document production or discovery responses should be treated as "CONFIDENTIAL," but was not marked as such by the producing Party, then that Party shall so notify all Parties within thirty (30) days of receipt of said document or information. If the Parties cannot agree on the "Confidential" nature of the document or information in question, then the Party seeking "CONFIDENTIAL" treatment may apply to the Court for a protective order. Until such time as the Court decides any such application, the Parties shall treat the disputed document or documents as "CONFIDENTIAL."

7. **Agreement to be Bound by this Order**. Each person to whom a document or information designated as "CONFIDENTIAL" is disclosed shall be informed of the terms of this Order and must agree to be bound by it. Each person other than the attorneys for the Parties and their personnel; named Parties and their parents, officers, and employees who have a legitimate reason related to this litigation to be provided this information; and Court personnel must agree to be bound by this Order by executing Exhibit A before disclosure to such person of any such document or information.

8. **Filing of "CONFIDENTIAL" Documents on the Public Docket**. In the event any Party files "CONFIDENTIAL" material with the Court in support of a motion or other court filing, the Party shall file such documents under seal using the Court-authorized procedure for filing documents under seal as set forth by the Court's procedure.

9. **Non-Waiver of Objections**. This Order does not limit or waive the right of any party to object to the scope of discovery in this action or to the admissibility at trial of any proffered evidence, documentary or otherwise. This Order does not constitute a finding or evidence that any of the information disclosed or contained in the produced or designated material is or is not

"CONFIDENTIAL" or proprietary in nature. Each Party reserves the right to dispute the "CONFIDENTIAL" status claimed by any other Party or subpoenaed party in accordance with this Order. If a Party believes that any document, information, or material has been inappropriately designated by another Party or subpoenaed party, then that Party shall confer with counsel for the designating Party. As part of that conference, the designating Party must assess whether redaction is a viable alternative to complete non-disclosure. If the Parties are unable to resolve the matter informally, then a Party may file an appropriate motion with the Court.

10. **Subpoenas for "CONFIDENTIAL" Information**. If any Party receives a subpoena or document request from a non-party that appears to require the production of material that has been designated previously as "CONFIDENTIAL" by any Party to this action, then the Party receiving such subpoena or document request shall: (a) within ten (10) business days of receipt of a subpoena or document request, notify the Party that designated the material "CONFIDENTIAL" of receipt of the subpoena or document request; and (b) not oppose any effort by the designating Party to modify the subpoena or obtain a protective order limiting discovery of such material.

11. **Disposition of "CONFIDENTIAL" Information by the Parties**. Within thirty (30) days after the conclusion of this action, including any and all appeals, all documents and information designated "CONFIDENTIAL," and all copies hereof in possession of the Parties, their parents, officers, or employees, shall be destroyed, Counsel for the Parties may retain "CONFIDENTIAL" information for archival purposes, subject to the provisions of this Order.

12. **Inadvertent Disclosure**. If documents or information that are subject to a claim of attorney-client privilege, attorney work product privilege, or any other applicable privilege or immunity is inadvertently produced ("Inadvertent Production Material"), such inadvertent

production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity.

      a. A claim of inadvertent production shall be made in writing and shall constitute a representation by that Party that the Inadvertent Production material has been reviewed by an attorney for such producing Party and there is a good faith basis for such claim of inadvertent production.

      b. If a claim of inadvertent production is made pursuant to this Stipulation, then the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly make a good-faith effort (1) to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the producing Party, or (2) to destroy all such claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production material for any purpose until further order of the Court.

      c. A Party may move the Court for an order compelling production of claimed Inadvertent Production Material; however, while such motion is pending, the document(s) or information in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is subject of such motion.

13. **Amendment**. Any amendment of the provisions of this Order can be made by agreement of the Parties, and, if agreed upon, shall be made in writing. Any amendment to the provisions of this Order will become effective upon approval of the Court,

14. **Continuing Jurisdiction**. This Order shall continue to be binding on the Parties after the conclusion of this litigation. The United States District Court for the Northern District of New York shall continue to retain jurisdiction over all persons and Parties bound by this Order for enforcement.

E X E C U T E D on November 9, 2022

NESENOFF & MILTENBERG, LLP

By: _s/ Stuart Bernstein_
    Stuart Bernstein
    Andrew T. Miltenberg
    Kristen Mohr (*pro hac vice pending*)
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Email: sbernstein@nmllplaw.com
Email: amiltenberg@nmllplaw.com
Email: kmohr@nmllplaw.com
Telephone: (212) 736-4500

*Attorneys for Plaintiff John Doe*

BOND, SCHOENECK & KING, PLLC

By: _s/ Suzanne M. Messer_
    Suzanne M. Messer (514398)
    Liza R. Magley (519849)
One Lincoln Center
Syracuse, New York 13202-1355
Email: messers@bsk.com
Email: lmagley@bsk.com
Telephone: (315) 218-8000

*Attorneys for Defendant Siena College*

S O  O R D E R E D this 16 day of November, 2022

Thérèse Wiley Dancks
United States Magistrate Judge

# EXHIBIT A
# <u>PROTECTIVE ORDER</u>

15033887

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN DOE,

                Plaintiff,

    v.

SIENA COLLEGE,

                Defendant.

**PROTECTIVE ORDER**

Civil Action No.

1:22-cv-1115 (BKS/TWD)

I, _____, have been advised by counsel of record for _____ in the above-captioned action of the Protective Order governing the delivery, publication, and disclosure of "Confidential" documents and information produced in this action. I have a read a copy of the Protective Order, and I agree to abide by its terms. I understand the Protective Order prohibits me from disclosing "Confidential" documents and information without permission.

_____

_____

Date: _____

15033887